# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

RUBI BERNARDO HERRERA,

Petitioner,

v.

CHRISTOPHER J. LAROSE, *et al.*,

Respondents.

Case No. 26-cv-01796-BAS-AHG

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS (ECF No. 1)**

Petitioner Rubi Bernardo Herrera filed a habeas petition pursuant to 28 U.S.C. § 2241, requesting a bond hearing. (ECF No. 1.) The Government responded to the Petition, acknowledging that Petitioner appears to be a member of the *Maldonado Bautista* class, even though application of that order has been stayed beyond the Central District of California. (ECF No. 4.) Thus, the Government "do[es] not oppose an order from the Court directing a bond hearing be held pursuant to 8 U.S.C. § 1226(a)." (*Id.*) However, the Government requests fourteen days to hold the bond hearing because of "heavy caseloads and staffing levels." (*Id.*) For the reasons stated below, the Court **GRANTS** the Petition and orders that Petitioner be given a bond hearing within seven days.

- 1 -

## I.   LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld,* 542 U.S. 507, 525 (2004).   "The traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez,* 411 U.S. 475, 484 (1973).   A court may grant a writ of habeas corpus to a petitioner who demonstrates he or she is in custody in violation of the Constitution or federal law.   28 U.S.C. § 2241(c)(3).   It applies to non-citizens detained within the United States. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).   Since Petitioner is in custody and since she is seeking release from custody, she has standing to pursue this Petition.

## II.   ANALYSIS

Petitioner entered the United States without inspection on November 10, 2023. (ECF No. 1-2.)   She was not apprehended upon arrival.   (*Id.*)   She is now married to a United States citizen serving in the U.S. Marine Corps.   (ECF No. 1.)   Immigration and Customs Enforcement ("ICE") arrested her in February 2026.   (*Id.*)   Since her arrest, the Department of Homeland Security ("DHS") has refused to grant her request for a bond hearing, relying on *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025).   (*Id.*)

The Central District of California certified a class of which Petitioner was initially a member. *Maldonado Bautista v. Santacruz*, __ F. Supp. 3d __, 2025 WL 3713982 (C.D. Cal. Dec. 18, 2025).   The case essentially overruled *Yajure Hurtado.*   Although the Ninth Circuit has stayed application of the class to any members outside the Central District of California, *Maldonado Bautista v. U.S. Dep't of Homeland Sec.*, No. 26-1044 (9th Cir. Mar. 6, 2026), this Court has previously held in multiple cases that it agrees with the Court in *Maldonado Bautista* that an individual in Petitioner's situation is not subject to mandatory detention under Section 1225. *See, e.g.*, *Gregorio v. LaRose*, No. 25-cv-03322-BAS-BJW, 2025 WL 3653998 (S.D. Cal. Dec. 17, 2025); *Zayas v. Gordon*, No. 26-cv-00237-BAS-DEB, 2026 WL 266275 (S.D. Cal. Feb. 2, 2026); *Trujillo v. Noem*, No. 26-cv-00268-BAS-VET, 2026 WL 266496 (S.D. Cal. Feb. 2, 2026).   The Government concedes that Petitioner is detained under § 1226(a), and it "do[es] not oppose an order

26cv1796

from the Court directing a bond hearing be held pursuant to 8 U.S.C. § 1226(a)." (ECF No. 4.)

For all of the reasons stated in these previous opinions, the Court **GRANTS** the Petition. Although the Government requests that it be given fourteen days to hold a bond hearing, it has been aware of the opinion in *Maldonado Bautista* since December 2025, yet it still requires a habeas petition to enforce the order out of the Central District of California. In addition, this Petition was filed on March 20, 2026, so specifically as to this Petitioner, the Government has been aware of the need to provide her a bond hearing since then. Hence, the Government has had plenty of time despite its "heavy caseloads and staffing levels" to schedule a bond hearing.

## III. CONCLUSION

Accordingly, the Court issues the following writ:

The Court **ORDERS** a bond hearing before an Immigration Judge for Rubi Bernardo Herrera (A#241-715-317) within seven days of the date of this Order. The bond hearing shall be governed by 8 U.S.C. § 1226(a), not § 1225(b)(2). If no bond hearing is held within seven days, Petitioner is ordered released forthwith.

The Clerk of the Court shall close the case.

**IT IS SO ORDERED.**

DATED: April 2, 2026

**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**

- 3 -

26cv1796